

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 07 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| | )    Case No.____ **1:22-CV-2263** |
| | ) |
| RAISSA DJUISSI KENGNE, | )    JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| AGSOUTH FARM CREDIT, ACA | ) |
| 26 South Main Street | ) |
| Statesboro, GA 30458 - USA | ) |
| | ) |
| and | ) |
| | ) |
| AGFIRST FARM CREDIT BANK | ) |
| C/O JOHN MAGRIRE, BROWN & WOOD | ) |
| ONE WORLD TRADE CENTER | ) |
| NEW YORK, NY 10048 | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION OF STAY**

TO THE HONORABLE JUDGE TO SAID COURT:

PLAINTIFF, RAISSA DJUISSI KENGNE ("Plaintiff" or "Borrower") files this Original
Complaint and Motion of Stay against AGSouth Farm Credit ("Defendant", "AGSouth" or the
"Lender"), to show that 1) Plaintiff is willing and able to make payments on her mortgage in order
to avoid foreclosure and AGSouth refused to allow the Plaintiff to bring her account to balance or
good standing and 2) AGSouth should not be permitted to foreclose on Plaintiff's property because

AGSouth violated the following statutes O.C.G.A § 1024.38 General servicing policies, procedures, and requirements, O.C.G.A. § 1024.39 Early intervention requirements for certain borrowers, O.C.G.A. § 1024.40 Continuity of contact, O.C.G.A. § 1024.41 Loss mitigation procedures, O.C.G.A § 9-13-140 - How judicial sales advertised; description of property, as well as certain terms and conditions listed in the Fixed Rate Note, the Limited Warranty Deed, the Affidavit Relating To Title, the Deed To Secure Debt Georgia, and the Commitment Letter (the "Loan Governing Documents"), thereby, depriving Plaintiff of her rights, including Plaintiff's right to remedy the default on her mortgage account in order to retain her property. In support of this instrument, Plaintiff, would respectfully show as described herein.

### PRELIMINARY STATEMENT

1.     This case concerns the attempt at foreclosure by AGSouth on a property owned by Plaintiff. Plaintiff owns a parcel of land in Douglasville, GA 30315. The mortgage on the property is held by AGSouth. The Property was acquired on March 3rd, 2020. Due to circumstances out of her control, Plaintiff fell behind on her mortgage and is now trying to cure the default on her mortgage.

2.     The property is located in Douglasville Georgia. The legal description is as follows: All that tract or parcel of land lying and being in Land Lot 134 of the 1st District, 5th Section, Douglas County, Georgia, and being Parcel C as shown on plat of survey for the Amos B. Newborn Estate dated July 18, 1995, revised September 24th, 1999, recorded in Plat Book 25, page 82, Douglas County, Georgia records.

3.     Plaintiff received letters from AGSouth in the months of January, February, March, and April of the year 2022.

4.     Plaintiff reported a violation of SEC regulations, PCAOB Standards, the Antitrust law, and a circumvention of the law prohibiting employers from asking about an applicant's pay

history in the state of Georgia. The misconduct happened at BDO USA, LLP. Plaintiff was retaliated against. Her home was broken into, her life and her family's lives were threatened, and her computers and phones were hacked. In addition, Plaintiff personal information was stolen, including her Social Security Number "SSN" and protected heath (HIPAA) related information. These events caused Plaintiff to be unable to address the issues with the Lender sooner and to fall behind on her monthly mortgage payments as Plaintiff had to take care of her family.

5.      Plaintiff has sent a letter to AGSouth to a) request a forbearance starting in January of 2022 and b) agree to a payment of a lump-sum and reasonable legal fees associated with the initial foreclosure process.

6.      Plaintiff wants to bring her mortgage account with AGSouth current and was denied the opportunity to pay the past due amount on her mortgage and reasonable legal fees associated with the initial foreclosure process initiated by AGSouth.

# I.
## PARTIES AND SERVICE OF PROCESS

### Plaintiff Raissa Djuissi Kengne

7.      Plaintiff Raissa Djuissi Kengne is a Georgia resident residing at 1280 West Peachtree ST NW Unit 2109, Atlanta, GA 30309. Plaintiff Raissa Djuissi Kengne's mailing address is 570 Piedmont Ave NE Unit 55166, Atlanta, GA 30308.

8.      Plaintiff Raissa Djuissi Kengne closed on a property located in unincorporated Douglasville, GA 30315 in March 3rd, 2020 utilizing a loan from AGSouth.

9.      Plaintiff Raissa Djuissi Kengne is a Certified Information Systems Auditor ("CISA"). The CISA certification attests of Plaintiff's expertise and her ability to apply a risk-

based approach to planning, executing, and reporting on audit engagements. The CISA certification proves the Plaintiff's competence in incorporating privacy by design into technology platforms, products and processes, communicating with legal professionals, and keeping the organization compliant efficiently and cost effectively. The CISA proves the Plaintiff has the technical skills and knowledge it takes to assess, build, and implement a comprehensive privacy solution.

10.     Plaintiff Raissa Djuissi Kengne is a Certified Information Security Manager ("CISM"). The CISM certification attests of the Plaintiff's technical expertise and experience in IS/IT security and control. The CISM certification proves the Plaintiffs' competence in alignment between the organization's information security program and its broader goals and objectives. The CISM certification also attest of Plaintiff's commitment to compliance, security and integrity.

11.     Plaintiff Raissa Djuissi Kengne is a Certified in Risk and Information Systems Control ("CRISC"). The CRISC certification proves the Plaintiff's skills and knowledge in using governance best practices and continuous risk monitoring and reporting.

12.     Plaintiff Raissa Djuissi Kengne is a Certified Internal Auditor ("CIA"). The CIA certification proves Plaintiff's expertise in the design, implementation, testing, and assessment of controls as well as expertise in corporate governance, risk management, and internal controls. The CIA certification also proves the Plaintiff's expertise in the areas of governmental regulations and reporting requirements.

13.     Plaintiff Raissa Djuissi Kengne is a Certified Fraud Examiner ("CFE"). The CFE credentials proves Plaintiff's expertise as a trained professional who possesses a unique set of diverse skills in preventing, detecting and investigating fraud. The CFE credential validates the plaintiff's skills such as knowledge of complex financial transactions, understanding of

investigative techniques and legal issues, the ability to resolve allegations of fraud, and the design of effective anti-fraud programs.

14.     Plaintiff Raissa Djuissi Kengne is a Lean Six Sigma Green Belt holder. The Lean Six Sigma Green Belt proves the Plaintiff possesses a thorough understanding of enhanced problem-solving skills, with an emphasis on the DMAIC (Define, Measure, Analyze, Improve and Control) model. A Lean Six Sigma Green Belt certification also denotes the Plaintiff is well-versed in the advanced elements of Lean Six Sigma Methodology, and leads improvement projects at a high level of proficiency.

15.     Plaintiff Raissa Djuissi Kengne reported a violation of SEC regulations, PCAOB Standards, the Antitrust law, and a circumvention of the law prohibiting employers from asking about an applicant's pay history in the state of Georgia. The misconduct happened at BDO USA, LLP where Plaintiff worked. Plaintiff was retaliated against. Plaintiff's home was broken into. Plaintiff's life and her family's lives were threatened. Plaintiff's computers and phones were hacked. Plaintiff had to travel to make sure her family was alright and fell behind on her mortgage.

16.     Plaintiff's Raissa Djuissi Kengne wants to pay her past due mortgage amount and any reasonable fees associated with the initial foreclosure process, thereby, bringing the balance on her account current.

### Defendants

### Defendant AGSouth Farm Credit

17.     Defendant AGSouth is a lending institution that offers financing for land, farms or homes. AG South serves the state of Georgia and South Carolina. The address provided on AGSouth's website (www.agsouthfc.com) is 26 S Main Street, Statesboro, GA 30458. AGSouth's

phone number is 844-AGSOUTH. AGSouth's Nationwide Multistate Licensing System is NMLS #619788.

18.     AgSouth Farm Credit is a federally chartered, member-owned, cooperative credit institution created by the merger of AgSouth Farm Credit, ACA into Palmetto Farm Credit, which changed its name to AgSouth Farm Credit effective as of the merger. AGSouth operates pursuant to the Farm Credit Act of 1971, as amended from time to time (the "Farm Act"), and to the regulations and other applicable and binding issuances of the Farm Credit Administration (the "FCA") and other federal agencies having jurisdiction over AGSouth, such regulations and other issuances may be amended from time to time (collectively, the "Regulations"). AGSouth possesses and, under the supervision of AgFirst Farm Credit Bank (the "Bank"), may exercise all lending, participation and similar authorities granted by the Act, other statutes or the Regulations, as any of these may be amended from time to time.

19.     AGSouth obtains funding from AgFirst Farm Credit Bank (AgFirst or Bank).

20.     Defendant AgSouth Farm Credit is a financial service company that offers land loans, farm loans, home loans, and insurance for borrowers in South Carolina and Georgia. AGSouth is headquartered in Statesboro, GA. AGSouth is subject to the jurisdiction of this court.

21.     Defendant AGSouth can be served with legal process through delivery of the Summons and Complaint and Motion To Stay in this action to its Registered Agent at the address listed below.

Defendant Name: AG South Farm Credit

Defendant Registered Agent: Bo Fennell, Chief Financial Officer

Defendant AG South Farm Credit Address: 26 South Main Street, Statesboro US-GA US 30458

Defendant AG South Farm Credit Phone Number: 404-979-7103

Defendant AG South Farm Credit Email Address: bfennell@agsouthfc.com

22.     Service is requested at this time.

### Defendant AGFirst Farm Credit Bank ("AGFirst")

23.     Defendant AGFirst is a lending institution that offers financing for land, farms or homes. AGFirst serves many states, including the state of Georgia and South Carolina. The address provided on AGFirst's website (https://www.agfirst.com/) is 1901 Main Street, Columbia, SC 29201. AGFirst's phone number is 1.800.845.1745.

24.     AgFirst Farm Credit Bank is a federally chartered lending institution.

25.     AgFirst provides wholesale funding, as well as technology and other value-added services, to Lending Association partners in fifteen (15) states and Puerto Rico. Those Lending Associations provide loans and related financial services to rural residents, rural communities, and agricultural operations of all sizes. AG South is one such Lending Association partner.

26.     AgFirst Farm Credit Bank provides funding to AGSouth Farm Credit and also operates in the State of Georgia.

27.     AGFirst is subject to the jurisdiction of this court.

28.     Defendant AGFirst can be served with legal process through delivery of the Summons and Complaint in this action to its Registered Agent at the address listed below.

Defendant Name: AGFirst Farm Credit Bank

Defendant Registered Agent: C/O JOHN MAGRIRE, BROWN & WOOD

Defendant AGFirst Farm Credit Bank Address: ONE WORLD TRADE CENTER, NEW YORK, NY 10048

Defendant AGFirst Farm Bank Phone Number: 1.800.845.1745

29.     Service is requested at this time.

## II.

### JURISDICTION AND VENUE

30.     This Court has subject matter jurisdiction over this case because the Plaintiff's claims arise under the laws of the State of Georgia and the United States. It has jurisdiction over the Plaintiff's state law claims because they are so closely related to the federal claims as to form part of the same case or controversy. The Northern District of Georgia consists of four (4) divisions as outlined and described in 28 U.S.C. § 90. The Atlanta Division comprises the counties of Cherokee, Clayton, Cobb, De Kalb, Douglas, Fulton, Gwinnett, Henry, Newton, and Rockdale.

31.     Pursuant to 28 U.S. Code § 1391, a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Plaintiff's loan with AGSouth originated in Fulton County, Atlanta, GA 30309.

32.     Pursuant to 28 U.S. Code § 1391, for purposes of venue in a State, which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

33.     Pursuant to 28 U.S. Code § 1343, Civil rights and elective franchise, the Northern District Court of the State of Georgia has authority:

    (1)     To recover damages for injury to his person or property, or because of the
    deprivation of any right or privilege of a citizen of the United States, by any act done in
    furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2)    To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3)    To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4)    To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote;

(5)    To exercise such other powers, not contrary to the Constitution, as are or may be given to such courts by law.

34.    Pursuant to 28 U.S. Code § 1348, the district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter. All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

35.    Venue is proper in this Court because all or a substantial part of the conduct and violations giving rise to the claims in the case occurred in the State of Georgia. See O.C.G.A § 14-2-510, O.C.G.A § 9-10-91, O.C.G.A § 9-10-93, O.C.G.A § 9-10-31, and O.C.G.A § 9-10-34.

36.    This Court has personal jurisdiction over all the Defendants because the Defendants committed the acts that are the subject matter of this lawsuit in the State of Georgia.

See O.C.G.A § 14-2-510, O.C.G.A § 9-10-91, O.C.G.A § 9-10-93, O.C.G.A § 9-10-31, and O.C.G.A § 9-10-34.

37.     This Court has personal jurisdiction over all the Defendants because the Defendants in their official capacities at their place of employment and/or in their own capacity, via agents or individuals, have or have had ongoing and systematic contacts with the State of Georgia, have maintained offices in the State of Georgia, and reside in the State of Georgia, and have committed the acts that are the subject matter of this lawsuit in the state of Georgia, including the origination of the loan, which occurred within Fulton County.

38.     Venue is proper in this Court because Defendant AGSouth Farm Credit is headquartered and its principal place of business is located in the State of Georgia.

39.     Venue is proper in this Court because Defendant AGFirst Farm Credit's conducts substantial business in the State of Georgia.

40.     Plaintiff Raissa Djuissi Kengne has standing to bring this Complaint in Court because she will be adversely affected by the actions of the Defendants and will be subject to undue financial harm if Defendants were allowed to move forward with the foreclosure.

41.     Accordingly, venue is proper pursuant to 28 U.S.C. § 90, 28 U.S. Code § 1391, 28 U.S. Code § 1343, 28 U.S. Code § 1348, and Georgia Civil Practice and Corporations, Partnerships, And Associations Code § 15-6-8, O.C.G.A § 14-2-510, O.C.G.A § 9-10-91, O.C.G.A § 9-10-93, O.C.G.A § 9-10-31, O.C.G.A § 9-10-34.

## III.

## STATEMENT OF RELEVANT FACTS

### Letters of Default

42.     Plaintiff, Plaintiff was notified by AGSouth Bank that she was in default of her loan. AGSouth hired a law firm Fortson, Bentley, and Griffing, PA to foreclose on Plaintiff's home.

43.     The foreclosure process usually begins once a mortgage borrower, or mortgagor, falls behind on mortgage payments that a default is triggered. Plaintiff has only missed five (5) months on her mortgage.

44.     The conditions for entering default vary, based on state law and terms in mortgage agreements. Once a mortgagor enters default, fees start to accumulate. Plaintiff understands that she has accumulated late fees, legal fees, and other charges that are added to her outstanding debt, as determined by the mortgage agreement and state law. Plaintiff is willing and able to pay these fees.

45.     Mortgagees do not have to foreclose on mortgages that are in default. They are free to negotiate with mortgagors. For example, they might agree to adjust the terms of the mortgage, refinance, allow the mortgagor to sell the property, or allow the mortgagor to make up for his or her missed payments. Plaintiff's agreement with AGSouth leaves open or is vague enough as to not specify the timing for a foreclosure and the allowed terms to bring the account to good standing in the event Plaintiff is in default. Plaintiff would like AGSouth to accept Plaintiff's payment for her mortgage, including missed payments and reasonable legal fees.

46.     Plaintiff was contacted on the following dates by AGSouth to notify Plaintiff of her late payments: January 19th, 2022, February 23rd, 2022, March 15th, 2022, and April 28th, 2022.

47.     During the timeframe corresponding with the receipt of the letters, Plaintiff was dealing with a personal emergency related to case 2022CV365268. Plaintiff reported a violation of SEC regulations, PCAOB Standards, the Antitrust law, and a circumvention of the law

prohibiting employers from asking about an applicant's pay history in the state of Georgia. The misconduct happened at BDO USA, LLP where Plaintiff worked. Plaintiff was retaliated against. Her home was broken into, her life and her family's lives were threatened, and her computers and phones were hacked.

48.     Plaintiff strongly believed that the letters she was receiving from AGSouth might have been fraudulent.

49.     The screenshot below shows the letter sent by AGSouth to Plaintiff on January 19th, 2022.



1691 Lions Club Road • PO Box 111 • Madison, GA 30650-0111
706.342.2352 • 888.327.3969 ext. 5 • 706.342.8117 (fax)

AgSouthFC.com

January 19, 2022

Mr. Raissa Kengne
1280 W Peachtrtee St #2109
Atlanta, GA 30309

Dear Mr. Kengne:

As of this date, we have not received your January installment. This installment is now more than 15 days past due. Please have this payment paid no later than **Friday, January 28th, 2022. It is very important that we receive your payments in a timely manner.** Please go ahead and make your payment immediately.

Because it is so late in the month, **do not mail your payment to Lockbox in Texas.** Please mail this payment directly to the **Madison office** at PO Box 111, Madison **or bring your payment by the branch office** at 1691 Lions Club Road, Madison.

If you bring your payment by the office after hours or over the weekend, please put it in our mailbox.

We appreciate your immediate attention to this important matter.

Sincerely,

Kenny Huto
Vice President

50.     The screenshot below shows the letter sent by AGSouth to Plaintiff on February

23rd, 2022.



109 E. Church St • PO Box 2607 • Batesburg-Leesville, SC 29070
803.532.3841 • 800.238.7447 • 803.532.8202 (fax)

AgSouthFC.com

February 23, 2022

Raissa D. Kengne
1280 W. Peachtree Street NW #2109
Atlanta, GA 30309

CERTIFIED WITH RETURN RECEIPT REQUESTED AND REGULAR MAIL
#70190160000090392854
RE: Loan # 0114485610

Dear Ms. Kengne;

As a result of your failure to pay the sums due and owing as called for in the Note, AgSouth has
elected to exercise the remedies available to it under the Note and related loan documents
(collectively "Loan Documents") and accelerate the full amount of the debt.

Accordingly, notice is hereby given you that the terms of said Note wherein you agree to pay
reasonable attorney's fees in the event of a default shall be enforced by legal proceedings
unless the full amount of the unpaid principal, accumulated interest, advances, etc., in the sum
of $ 36,164.33 together with interest accruing thereon, are fully paid within ten (10) days from
receipt of this notice as provided in Section 13-1-11 of the Official Code of Georgia, Annotated.

If you pay the full amount set forth above within ten (10) days, you may consider your
obligations under the Loan Documents satisfied. Should you fail to do so, AgSouth will exercise
the remedies available to it under the Loan Documents and applicable law including legal action
against you.

As a further result of your loan being in default, your "C" Participation Certificates in the
Association shall be retired in total or partial liquidation of the loan.  As of the projected date of
the retirement of your "C" Participation Certificates, your outstanding debt to the bank will be
your present outstanding debt in the amount of $36,164.33, together with accrued interest,
attorney's fees and costs, less application of "C" Participation Certificates in the amount of
$765.00.

Please note that interest, late fees, and costs continue to accrue; therefore, it is imperative that
you contact me before tendering any sums to obtain a correct figure for payoff.

I look forward to hearing from you.

Sincerely,

Gene McCutchen
Special Assets Manager
NMLS#1071117 Office: (803)532-3841, Ext. 8417 Cell: (803)429-7042

51.     The screenshot below shows the letter sent by AGSouth to Plaintiff on March

15th, 2022.



1691 Lions Club Road • PO Box 111 • Madison, GA 30650-0111
706.342.2352 • 888.327.3969 ext. 5 • 706.342.8117 (fax)

AgSouthFC.com

March 15, 2022

Greetings from AgSouth Farm Credit,

Because you are such a valued customer of AgSouth Farm Credit, I want to let you know that Zack Lovingood has accepted a new job within the Farm Credit System and has relocated to North Carolina. I would like to take this opportunity to thank you for your business, and I would also like to introduce to you to Zack's replacement, Kenny Hutto.

Kenny will be working with you in the future and will place the same high value on maintaining your relationship as Zack did. Kenny received a Bachelor of Business Administration from Georgia College. He has been with AgSouth since August, 2019 and has been in community banking for nearly 20 years. He has the knowledge and experience to help ensure your success. Kenny resides in Barnesville, GA with his wife and two children. You may have already met him at a local meeting or event. If not, I'm sure he will be making plans to introduce himself either in-person or over the phone.

Please note that this will in no way impact the way your account is handled. We expect this transition to be a smooth one, and I assure you that Kenny is committed to serving your financial needs. If you have any questions about your account or would like to inquire about a new loan or lease, please give Kenny a call at **706.342.2352** or email him at **KHutto@agsouthfc.com**.

We appreciate your business.

**As a reminder, we make loans for:**

• Small & large acreage tracts
• Recreational properties
• Timber land
• Farms
• Operating lines of credit
• Livestock & equipment
• Home construction & purchases

**Benefits of financing through AgSouth:**

•Fixed rates up to 20 years on land
*(15 years for lot loans)*
•Competitive rates & terms
•Up to 85% financing available
•Participate in our Patronage Program
•Lending staff specialized in land & ag financing

Very truly yours,

Clark David
*Regional Vice President*

52.     The screenshot below shows the letter sent by AGSouth to Plaintiff on April 28th,

2022.



109 E. Church St • PO Box 2607 • Batesburg-Leesville, SC 29070
803-532-3841 • 800-238-7447 • 803-532-8202 (fax)
AgSouthFC.com

April 28, 2022

Raissa D. Kengne
1280 W. Peachtree St. NW #2109
Atlanta, GA 30309

Re: BE # 316124-0001

Dear Ms. Kengne:

You currently have a loan with our association that is in default.  Pursuant to Section
§40.40 of the Bylaws, the Board of Directors of AgSouth Farm Credit has approved the
application of your 2021 Patronage in the amount of $641.61 to your past due balances.

You are hereby advised as follows:

1.      Your loan with the association is currently in default.

2.      The association intends to apply all or a portion of your Patronage in full
        or partial liquidation of the unpaid balances of your loan(s).

3.      The application of the Patronage will have   no other effect on your
        relationship with our association.

4.      After application of your Patronage, the remaining amount of your
        indebtedness to the association will be $37,279.97.

5.      Your Patronage will be applied as of May 12, 2022.

                                Sincerely,

                                Gene McCutchen
                                Special Assets Manager

GMC/tin

**Attempt At Resolving the Mortgage Default And Communication With Defendant's**

**Attorney**

53.     Plaintiff sent via Certified Mail with Return a letter to AGSouth on May 25th, 2022. The Plaintiff was requesting a forbearance starting in the Month of January 2022. Plaintiff is willing and able to pay the monthly mortgage payments and the legal fees associated with the initial foreclosure communications in order to bring the balance on the account current.

54.     The forbearance period was requested to allow Plaintiff to regain access to her funds. Plaintiff asserts that her inability to access her funds is due to her status as a Whistleblower in the case number 2022CV365268 mentioned herein.

55.     AGSouth through its attorney denied Plaintiff's request for a forbearance. Fortson, Bentley and Griffing, P.A. (the "Attorney")'s letter sent to Plaintiff is shown below.

56.     The screenshot below shows the letter dated June 2th, 2020 sent by AGSouth's Attorney to Plaintiff.

# FORTSON, BENTLEY AND GRIFFIN, P.A.

ELBERT N. WHITMIRE, III, C.P.A.
G. MARCUS HODGE (GA & SC)
DAVID K. LINDER
ROY E. MANOLL, III
WALTER W. HAYS, JR.
MICHAEL J. MCCLEARY
V. KEVIN LANG
TREVOR T. JONES (GA & AL)
BRICKER S. DAUGHTRY
H. SCOTT LOWRY, JR.
DAVID F. ELLISON
WADE A. SCHULENEMAN
GREGORY O. DEBACKER

ATTORNEYS AT LAW
2500 DANIELL'S BRIDGE ROAD
BUILDING 200, SUITE 3A
ATHENS, GEORGIA 30606
———
(706) 548-1151

ELINORE R. YOUNG
EMILY K. ESCOE
LINDSEY B. WOODARD
ABBEY J. DUNE
JOHNELLE SIMPSON, II

UPSHAW C. BENTLEY, JR.
(1924 – 2013)
EDWIN B. FORTSON
(1913-2007)
JOHN E. GRIFFIN
(1923-2002)
HERBERT T. HUTTO
(1933-1998)

OF COUNSEL
WILLIAM C. BERRYMAN, JR.

June 2, 2022

Ms. Raissa Kengne
570 Piedmont Avenue, NE Unit 55166
Atlanta, Georgia 30308

    Re:    AgSouth Farm Credit Loan No: 114485610

Dear Ms. Kengne:

    AgSouth forwarded your Request for Forbearance letter to me for review. Even presuming the Cares Act Moratorium and the forbearance period that you referenced were ever applicable your land loan, both the Moratorium and the forbearance period expired. AgSouth therefore rejects your request for a forbearance of the above referenced loan and will proceed with the foreclosure.

    Please do not hesitate to contact me if you have any questions.

            Sincerely,

            FORTSON, BENTLEY AND GRIFFIN, P.A.

            Roy E. Manoll, III

REM/kdd
cc:    AgSouth Farm Credit

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THOSE PURPOSES**

## Plaintiff's Willingness and Ability To Repay The Loan

57.    Plaintiff has funds available with Gemini Trust Company, LLC, a crypto currency exchange platform, that she is unable to access. Plaintiff has filed a lawsuit in Magistrate court

against Gemini Trust Company, LLC ("Gemini") in order to recover the funds available in the amount of $1,682.88. Plaintiff's case against Gemini is case number 22MS165625.

58.     Plaintiff has funds available from her unemployment benefits in the amount of approximately $8,000. ID.Me, Inc. ("ID.Me") provides identity services to the Department of Labor. ID.Me has refused for several months to provide Plaintiff's access to Plaintiff's account in order for Plaintiff to receive her benefits. Plaintiff has filed a separate lawsuit against ID.Me, Inc, in the Northern District of Georgia, Atlanta Division in order to have access to her unemployment benefits. Plaintiff's case number is 1:22-CV-2237.

59.     Plaintiff has planned to use the funds in her Gemini account and her unemployment benefits in order to pay for her mortgage with AGSouth.

60.     The amount owed to AGSouth is only $1,071.74. Plaintiff has enough funds to cover the payments.

61.     In addition, Plaintiff's Patronage amount of $641.61 can be applied to Plaintiff's past due balances.

62.     Monthly payment on the mortgage is equal to $330.58.

63.     The screenshot below shows Plaintiff's Mortgage Statement as of February 19th, 2022.


**FARM CREDIT**

AGSOUTH FARM CREDIT ACA
MADISON BRANCH OFFICE
1691 LIONS CLUB RD
PO BOX 111
MADISON GA 30650-0111

Any activity after the statement date will appear
on your next billing statement.

| | |
|---|---|
| STATEMENT DATE | 02/10/22 |
| LOAN NUMBER | 03-052-019-0114485610 |
| PAYMENT DUE DATE | 03/01/22 |
| TOTAL AMOUNT DUE | $1,071.74 |

*Questions concerning your account?*
Please write us at the address above or call:
1-706-342-2352 or 1-888-327-3969

BALANCES FOR THIS LOAN AS OF 02/10/22:

| LOAN PURPOSE | PRINCIPAL BALANCE | CURRENT RATE | INTEREST PAID YEAR-TO-DATE | FUNDS HELD |
|---|---|---|---|---|
| LOT PURCHASE | $35,569.70 | 6.375% | $0.00 | $0.00 |

**AMOUNT DUE:**

| | |
|---|---|
| PAST DUE ITEMS | $661.16 |
| PRINCIPAL | $143.12 |
| INTEREST | $187.46 |
| TAXES/FEES | $30.00 |
| LATE CHARGES | $50.00 |
| TOTAL AMOUNT DUE 03/01/22 | $1,071.74 |

YOU MAY INCUR A LATE CHARGE IF YOUR PAYMENT IS RECEIVED AFTER THE DUE DATE.

PURSUANT TO 12 U.S.C. SECTION 1701X, YOU AS A HOMEOWNER ARE ENTITLED TO HOMEOWNERSHIP COUNSELING
AVAILABLE THROUGH HUD-APPROVED NONPROFIT ORGANIZATIONS.  TO OBTAIN A LIST OF SUCH ORGANIZATIONS
IN YOUR AREA, CALL TOLL-FREE 1-800-569-4287.

Please see the reverse of this page for an explanation of this bill  Detach and return the bottom remittance portion with your payment. Please write in black or blue ink.

AGSOUTH FARM CREDIT ACA
MADISON BRANCH OFFICE
1691 LIONS CLUB RD
PO BOX 111
MADISON GA 30650-0111

PAYMENT NUMBER:
6-052-114485610-019

BE#: 0000316124-0001

| | |
|---|---|
| AMOUNT DUE: | $1,071.74 |
| ADDITIONAL PRINCIPAL: | $_____ |
| FUNDS HELD: | $_____ |
| LATE CHARGES: | $_____ |

☐  Check here and see reverse for address correction.

Amount Enclosed   $_____

16 P1 146698-1-5-1 - 1091
RAISSA D KENGNE

FARM CREDIT PROCESSING CENTER

64.     Plaintiff has sufficient funds to pay the mortgage on the property that is the

subject matter of this action.

**Right to Reinstate**

**65.**     The State of Georgia allows for a right to reinstate. Plaintiff would like to exercise

her right to reinstate by making a lump-sum payment to get up to date with her loan, including

any reasonable fees and expenses as soon as she regains access to her funds on the Gemini

platform and her access to her ID.ME account. Plaintiff intends to resume regular monthly

payments.

66.     Plaintiff was never provided with a loss mitigation application from the Lender or

information about a loss mitigation application as required by laws and regulations.

**The Foreclosure Sale Notice**

67.     AGSouth did not send a notice of the date and time the Property will be sold.

**Right of Redemption**

68.     If the Lender were to foreclose on Plaintiff's property, Plaintiff will opt to

exercise her redemption rights.

**Right to Foreclosure Mediation**

69.     Plaintiff will consider partaking in mediation. Plaintiff is willing to meet with

Lender and an impartial mediator to discuss options like a loan modification and/or repayment

plan.

**IV.**

**CAUSES OF ACTION AND CLAIMS FOR RELIEF**

**COUNT ONE:**

**Right to Reinstate and Improper Notification**
**§ 1024.38 General servicing policies, procedures, and requirements.**
**12 CFR § 1024.40 - Continuity of contact**
**§ 1024.41 Loss mitigation procedures.**

**O.C.G.A. 44-14-162.2**

(Against All Defendants)

70.    The Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint and Motion To Stay and the facts as if set forth here in full for all purposes.

71.    Under federal law and pursuant to 12 C.F.R. § 1024.41, the Lender cannot officially begin a foreclosure until Plaintiff is more than 120 days past due on payments, subject to a few exceptions. Lender had initiated the foreclosure proceeding in February 2022 as evidenced by the letter herein. This 120-day period provides most homeowners with ample opportunity to submit a loss mitigation application to the servicer. By starting the foreclosure process sooner than mandated by law, Lender violated the law and the terms of the contract with Plaintiff.

72.    Under federal mortgage servicing laws, the Lender must contact, or attempt to contact, Plaintiff by phone to discuss loss mitigation options, like a loan modification, forbearance, or repayment plan, no later than 36 days after Plaintiff missed a payment and again within 36 days after each following delinquency. No later than 45 days after missing a payment, Lender had to inform Plaintiff in writing about loss mitigation options that might be available and appoint personnel to help Plaintiff try to work out a way to avoid foreclosure. Lender did not send Plaintiff information about loan modification, forbearance, or repayment plan in violation of federal mortgage servicing laws. Federal mortgage servicing laws also prohibit dual tracking (pursuing a foreclosure while a complete loss mitigation application is pending).

73.    Under Georgia law and pursuant to O.C.G.A. 44-14-162.2, no later than 30 days before the date of the scheduled foreclosure sale, the Lender must send Plaintiff a notice of the initiation of proceedings to exercise a power of sale. The notice must be sent via registered mail, certified mail, or overnight delivery, return receipt requested, to the property address, or to any other address Plaintiff designated by written notice to the lender.

74.     Under Georgia law and pursuant to O.C.G.A. §§ 44-14-162, 44-14-162.2, the notice will include, among other things, the name, address, and telephone number of the individual or entity that has full authority to negotiate, amend, and modify all terms of the mortgage, which is generally the loan servicer. It will also usually include a copy of the published advertisement. A copy of the published advertisement was NOT included in any of the correspondence sent to Plaintiff. Lender made a procedural error when notifying Plaintiff of the foreclosure.

75.     Lender did not follow Federal laws as well as the laws of the State of Georgia related to the general servicing policies, procedures, and requirements, the continuity of contact, and the loss mitigation procedures, and sales made on foreclosure under power of sale specifically as they relate to the manner of advertisement and conduct necessary for validity filing.

76.     The Loan Governing Documents allow for the Plaintiff's right to reinstate the loan prior to a foreclosure sale.

77.     Security deed contracts, like the uniform Fannie Mae/Freddie Mac Security Deed, provide the Borrower the right to cure the default after acceleration and reinstate the loan.

78.     Lender is in breach of both the terms and conditions of the Loan Governing documents as well as the Federal laws and the laws of the State of Georgia mentioned herein. Plaintiff requests the Court to prevent or stop the foreclosure of Plaintiff's property by Defendants, its successors, or affiliates.

### COUNT TWO:

**The Foreclosure Sale Notice**
**O.C.G.A, § 9-13-140**
(Against All Defendants)

79.     The Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint and the facts as if set forth here in full for all purposes.

80.     Pursuant to O.C.G.A, § 9-13-140, AGSouth must publish notice of the foreclosure in the official county newspaper for public announcements where the real property is located for four (4) consecutive weeks prior to the scheduled foreclosure. The publication has not occurred.

81.     AGSouth must file proof that it owns title to the security instrument related to the real property with the clerk of the superior court of the county in which the real property is located, prior to the start of the foreclosure sale. This event has not occurred.

82.     Plaintiff requests the Court to prevent or stop the foreclosure of Plaintiff's property by Defendants, its successors, or affiliates.

## COUNT THREE:

**Right to Foreclosure Mediation**
**§ 1024.38 General servicing policies, procedures, and requirements.**
**12 CFR § 1024.40 - Continuity of contact**
**§ 1024.41 Loss mitigation procedures.**
(Against All Defendants)

83.     The Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint and the facts as if set forth here in full for all purposes.

84.     The terms and conditions of the Loan Governing Documents gives Plaintiff the option to pay the amount past due on mortgage payments and associated reasonable legal costs in order to restore the loan to its original condition and resume the agreed upon payment terms and schedule.

85.     Under federal mortgage servicing laws, the Lender must contact, or attempt to contact, Plaintiff by phone to discuss loss mitigation options, like a loan modification, forbearance, or repayment plan, no later than 36 days after Plaintiff missed a payment and again within 36 days after each following delinquency. No later than 45 days after missing a payment, Lender had to inform Plaintiff in writing about loss mitigation options that might be available and appoint

personnel to help Plaintiff try to work out a way to avoid foreclosure. Lender did not send Plaintiff information about loan modification, forbearance, or repayment plan in violation of federal mortgage servicing laws. Federal mortgage servicing laws also prohibit dual tracking (pursuing a foreclosure while a complete loss mitigation application is pending).

86.     Lender is in violation of the terms and conditions of the Loan Governing Documents. Plaintiff requests the Court to prevent or stop the foreclosure of Plaintiff's property by Defendants, its successors, or affiliates.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court that Defendants be cited to appear and answer herein; that, on final hearing, the Court enters a judgment against Defendants in Plaintiff's favor and grants relief to Plaintiff against the Defendants as follows:

(1)     Declare that the Defendants violated the laws and regulations as set forth above;

(2)     Order the Defendants to stop the foreclosure process;

(3)     Order the Defendants to allow Plaintiff to pay a lump sum of money to bring her account balance current or in good standing;

(4)     Grant any such additional relief to Plaintiff in law or equity as the Court deems just and proper under the circumstances.

## VI.

## DISCOVERY CONTROL PLAN

Plaintiff intends for discovery, if needed, to be conducted under Article 5 Depositions and Discovery of the Georgia Civil Practice code.

## VII.

## JURY DEMAND

Pursuant to Article 5 Trial Juries of the Georgia Code of Courts, Plaintiff demands a trial by jury on all issues triable as such and by the maximum number of jurors permitted by law.

## VII.

## PLACE OF TRIAL

Pursuant to O.C.G.A. § 9-11-40, Plaintiff hereby requests that trial of this case takes place in Atlanta, Georgia.

## VIII.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: _____June_____ __07__, 2022

Respectfully submitted,

Raissa Djuissi Kengne

Pro Se

Physical Address:

1280 W. Peachtree ST NW. Unit 2109

Atlanta, GA 30309

Mailing Address:

570 Piedmont Ave. NE #55166

Atlanta, GA 30308

Telephone: (404) 932-1651

Email: cianeseya2022@gmail.com